# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BESSIE M. MATNEY,

    *Plaintiff,*

vs.

    Case No. 16-01024-EFM-GLR

DOLLAR TREE STORES, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Bessie Matney filed this negligence action against Defendant Dollar Tree Stores, Inc., seeking damages for injuries she allegedly incurred after tripping and falling at one of Defendant's stores in Wichita, Kansas. Currently before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests and Plaintiff's Supplement to Initial Disclosures (Doc. 21). In addition to dismissal of Plaintiff's claim, Defendant asks the Court to order Plaintiff to pay all costs, including attorneys' fees, it incurred in filing the motion. Because the Court finds that Plaintiff has already produced the requested documents and because the scheduling order has been amended per Defendant's request, the Court denies Defendant's motion.

## I.     Factual and Procedural Background

Plaintiff filed this lawsuit on December 17, 2015, in district court in Sedgwick County, Kansas. On January 22, 2016, Defendant removed the case to this Court. On April 11, Plaintiff served her Initial Disclosures, which indicated, in part, that Plaintiff had "Medical Records" in her possession, custody, or control.

Defendant served Plaintiff with interrogatories and requests for production on April 27, which after Plaintiff asked for a thirty day extension, were due on June 29. Plaintiff did not provide any discovery responses on June 29, so on July 1, Defendant's counsel emailed Plaintiff's counsel notifying him of the deficient responses and giving him a new deadline of July 6. Defendant's counsel also indicated that if Plaintiff did not respond by July 6, he would file a motion to compel. Plaintiff's counsel did not respond to the email, either by providing the requested discovery or otherwise. The night of July 6, Defendant's counsel emailed once again and gave Plaintiff's counsel until 12 p.m. on July 8 to respond. He also reiterated his statement that if Plaintiff did not provide a response by the deadline, he would file a motion to compel. On July 7, Plaintiff's counsel responded by email stating, "I am working on it right now." However, Plaintiff did not respond to the discovery requests by the July 8 deadline. Defendant's counsel then attempted to call Plaintiff's counsel but was required to leave a voicemail. That same day, two hours after the 12 p.m. deadline, Plaintiff's counsel emailed Defendant's counsel stating that he was trying to obtain the information and documents from his client but that she was ill and unable to meet. Defendant's counsel did not respond to the email. Later that day, Defendant filed its motion to dismiss, or in the alternative, motion to compel.

Defendant's motion asks the Court to either dismiss this case or compel Plaintiff to respond to its discovery requests and supplement Plaintiff's Initial Disclosures. Defendant also

asks that the Court award attorneys' fees in its favor. On July 27, Plaintiff provided the requested discovery responses and supplemented her responses to her Initial Disclosures. Two days later, Plaintiff filed her response to Defendant's motion, to which Defendant replied. Therefore, the motion is ripe for the Court's review.

### III.     Analysis

Defendant asks the Court to dismiss this case because of Plaintiff's failure to respond to its discovery requests and to supplement her Initial Disclosures. In response, Plaintiff asserts that dismissal is not an appropriate sanction in these circumstances and that Defendant's motion is moot because she has produced the requested responses and documents. The Court agrees with Plaintiff.

Federal Rule of Civil Procedure 37(d)(1)(A) allows the Court to order sanctions when a party fails to respond to properly served interrogatories under Rule 33 or requests for inspection under Rule 34. In addition, the Court may order sanctions against a party for failing to supplement the party's initial disclosures under Rule 37(c)(1). One of the sanctions that the Court may order in these circumstances is dismissal of the case.[1] Dismissal, however, is "an extreme sanction appropriate only in cases of willful misconduct."[2] Furthermore, "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right of access to the courts,' it should be used as 'a weapon of last, rather than first, resort.' "[3] The Tenth Circuit has laid out five factors

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(v).

[2] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted).

[3] *Id*. (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)).

for courts to consider when determining whether dismissal is an appropriate sanction.[4] These are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

A district court has discretion to dismiss an action under Rule 37, but it should only do so "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[6]

First, the Court considers whether Defendant has suffered actual prejudice. Defendant claims it will suffer actual prejudice if the case continues to move forward as it has in the past. According to Defendant, it only has thirty days under the scheduling order to obtain and order medical records, locate an expert, and perform a medical examination on Plaintiff. Since filing its motion, however, the Court granted Defendant's request for a 120-day extension of all discovery deadlines. Therefore, Defendant has not suffered, nor will it suffer, actual prejudice based on Plaintiff's delay.

Next, the Court determines whether Plaintiff interfered with the judicial process. Plaintiff did not produce her discovery responses or supplement her initial disclosures until almost one month after the discovery deadline. But, this delay has not substantially interfered with the judicial process given that the Court has given the parties additional time to complete discovery. Thus, this factor does not favor dismissal of the case.

---

[4] *Id*. at 921.

[5] *Id*. at 921(citations omitted).

[6] *Id*. (quoting *Meade*, 841 F.2d at 1521 n.7)

The third consideration is culpability of the litigants. Plaintiff is an elderly woman who underwent two surgeries during the period in which the discovery responses were due. In addition, Plaintiff's counsel was busy with two other high-profile cases during this time and has stated that he has addressed his time-management issues regarding this case. While Plaintiff's counsel should have explained the situation to Defendant's counsel before the discovery was actually due, Plaintiff's culpability appears to be negligible and certainly does not warrant dismissal.

The fourth and fifth factors require the Court to determine whether advance notice of dismissal was given and the efficacy of lesser sanctions. Here, neither the Court nor Defendant gave Plaintiff notice that dismissal would be a likely sanction for noncompliance. Furthermore, neither dismissal nor a lesser sanction would be effective in this case. Plaintiff has already produced the requested documents, and the Court has amended the scheduling order per Plaintiff's request. As none of the five factors listed above support dismissal, the Court declines Defendant's request to impose such a sanction in this case. The Court also finds that Defendant's request for the Court to compel Plaintiff to produce the requested discovery responses and supplement to her Initial Disclosures is moot.

Finally, Defendant asks for an award of costs, including attorneys' fees, under Rule 37(d)(3). The Court will not assess such an award on the basis that it would be unjust. Candidly, the Court questions the parties' intentions and conduct concerning the filing of this motion. Plaintiff's counsel certainly needs to address his time-management issues as they relate to the demands of his clients and his own availability. With regard to the discovery requests and supplement to the Initial Disclosures, Plaintiff's counsel should have prepared a timely response or obtained an additional extension. The Court also does not condone the fact that Plaintiff's

counsel ignored Defendant's counsel's emails regarding the tardy responses.  On the other hand, Defendant's assertion that dismissal is an appropriate sanction in this instance is disingenuous given that Plaintiff's counsel informed Defendant's counsel merely hours before the motion was filed that Plaintiff's health condition prevented her from preparing discovery responses.  And it is even more disingenuous to continue to assert that such sanction is still warranted after receiving the requested documents and information.  Perhaps the better option for Defendant would have been to pick up the phone and call Plaintiff's counsel after receiving his email on July 8, rather than waste both the parties' and Court's resources in dealing with this dispute.  Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests and Plaintiff's Supplement to Initial Disclosures (Doc. 21) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE